UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

CHRISTINE BAGLIERI,

                             PLAINTIFF,          **AMENDED COMPLAINT**

                    -AGAINST-                     **12-CV-7012**

NEW YORK CITY, POLICE OFFICER JOHN DOE 1,
POLICE OFFICER JOHN DOE 2, POLICE OFFICER
JOHN DOE 3, POLICE OFFICER FRANK MOSCA and
LIEUTENANT DANIEL IECAMPO, individually and in
their capacity as members of the New York City Police
Department.

                             DEFENDANTS.

------------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.  This is a civil action in which plaintiff, Ms. Christine Baglieri ("Ms. Baglieri"), seeks relief for the violation of her rights secured by 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2.  The claims arise from an incident on or about November 14, 2011, in which officers of the New York City Police Department, acting under color of state law, intentionally and willfully subjected Ms. Baglieri to *inter alia* false arrest, excessive force and malicious prosecution.

3.  Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

**PARTIES**

4.   Plaintiff, Ms. Baglieri, is 25 years old and is a United States Citizen.

5.   New York City is a municipal corporation organized under the laws of the State of New York.

6.    Police Officer John Doe 1 ("PO John Doe 1"), Police Officer John Doe 2 ("PO John Doe 2"), Police Officer John Doe 3 ("PO John Doe 3"), Police Officer Frank Mosca ("PO Mosca") and Lieutenant Daniel Iecampo ("Lieutenant Iecampo") at all times here relevant were members of the New York City Police Department, and are sued in their individual and professional capacity.

7.   At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

**FACTUAL ALLEGATIONS**

8.   In or around October 2011, Ms. Baglieri moved to New York City.

9.   Shortly after arriving in New York City, Ms. Baglieri joined the 'Occupy Wall Street' group.

10. On or about the evening of November 14, 2011, Ms. Baglieri was in Zuccotti Park, New York.

11. Ms. Baglieri was with other protesters when the park was surrounded by police officers.

12. Ms. Baglieri did not receive any clear or direct instructions from any police officers.

13. Ms. Baglieri continued to peacefully sit in the park.

14. Approximately forty-five minutes after the police officers arrived at the park, Ms. Baglieri was approached by PO John Doe 1, PO John Doe 2 and PO John Doe 3.

15. PO John Doe 1, PO John Doe 2 and PO John Doe 3 were wearing helmets that covered their faces and chest armor, and they carried pepper spray and batons.

16. PO John Doe 1, PO John Doe 2 and PO John Doe 3 did not say anything to Ms. Baglieri.

17. PO John Doe 1, PO John Doe 2 and PO John Doe 3 grabbed Ms. Baglieri by her arms, legs, neck and head with their hands.

18. Ms. Baglieri did not resist PO John Doe 1, PO John Doe 2 and PO John Doe 3.

19. Ms. Baglieri began to cry.

20. PO John Doe 1, PO John Doe 2 and PO John Doe 3 pushed Ms. Baglieri onto the ground on her stomach.

21. PO John Doe 1, PO John Doe 2 and PO John Doe 3 then pushed down on Ms. Baglieri's back with their legs and handcuffed her behind her back.

22. PO John Doe 1, PO John Doe 2 and PO John Doe 3 then grabbed Ms. Baglieri by her arms and dragged her on her stomach to Liberty Street.

23. PO John Doe 1, PO John Doe 2 and PO John Doe 3 then dropped Ms. Baglieri on the ground and walked away.

24. Ms. Baglieri stayed on Liberty Street for approximately one hour after PO John Doe 1, PO John Doe 2 and PO John Doe 3 dropped her on the ground.

25. Ms. Baglieri was then approached by PO Mosca, who told Ms. Baglieri that he was her arresting officer.

26. Ms. Baglieri was put in a line with PO Mosca, had her picture taken by a police officer, and then was put in a police van.

27. Ms. Baglieri was taken in the police van to One Police Plaza, New York.

28. At One Police Plaza Ms. Baglieri was processed and her arrest was approved by Lieutenant Iecampo.

29. Ms. Baglieri was held in a cell at One Police Plaza for approximately fifteen hours.

30. Ms. Baglieri was verbally abused while in the cell at One Police Plaza by several police officers, who told her, in sum and substance, that she was "disgusting and lived in squalor."

31. After approximately fifteen hours, Ms. Baglieri was taken to Central Booking.

32. While being held at Central Booking, Ms. Baglieri was verbally abused by several more police officers, who told her, in sum and substance, that " you smell like shit, you are stupid and you don't know how to take a shower."

33. After being held for approximately twenty hours at Central Booking, Ms. Baglieri was charged with Disorderly Conduct and Trespassing.

34. Ms. Baglieri was then released from police custody and moved to Maine, where she began working on a farm.

35. In or about February 2012, Ms. Baglieri returned to New York to attend court and her case was adjourned.

36. On or about March 9, 2012, Ms. Baglieri attended court again and her case was dismissed on the motion of the New York District Attorney.

37. As a result of this incident, Ms. Baglieri suffered damages including, but not limited to, physical injuries, fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty and financial loss.

38. Ms. Baglieri continues to feel traumatized by these events, and is wary and fearful when she sees NYPD officers.

**FIRST CAUSE OF ACTION**

(42 USC 1983 – False Arrest)

39. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

40. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

41. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

42. The defendants unreasonably and unjustifiably confined plaintiff.

43. Plaintiff was aware of, and did not consent to, her confinement.

44. The confinement was not privileged.

45. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

### (False Arrest under New York State Law)

46. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

47. In accordance with General Municipal Law Section 50- e and within ninety days of the events giving rise to these claims, plaintiff filed a written Notice of Claim with the New York City Office of the Comptroller.  On June 14, 2012, Ms. Baglieri appeared for a General Municipal Law § 50-h hearing.  At least thirty days have elapsed since the hearing and the City of New York has failed to settle or otherwise disposed of this matter.

48. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

49. The defendants unreasonably and unjustifiably confined plaintiff.

50. Plaintiff was aware of, and did not consent to, her confinement.

51. The confinement was not privileged.

52. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

### (42 USC 1983 – Excessive Force)

53. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

54. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

55. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

56. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.


**FOURTH CAUSE OF ACTION**

(42 USC 1983 – Malicious Prosecution)

57. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

58. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

59. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

60. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

61. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.


## FIFTH CAUSE OF ACTION

### (42 USC 1983 –Denial of Right to a Fair Trial)

62. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

63. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

64. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

65. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

66. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.


## JURY DEMAND

67. Plaintiff demands a trial by jury.


WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.


Dated:          New York, New York
                March 27, 2013


                          By:          /s/
                                _____
                                Duncan Peterson

                                PetersonDelleCave LLP
                                Attorney for Plaintiff
                                233 Broadway, Suite 1800
                                New York, NY 10279
                                (212) 240-9075